57 So.2d 691

**STATE v. STROUD.**

No. 40620.

Feb. 18, 1952.

D. J. Anders, Winnsboro, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty Gen., and Cameron C. Minard, Dist. Atty., Columbia, for appellee.

PONDER, Justice.

The defendant was convicted of theft and sentenced to serve three years in the penitentiary. He has appealed from the conviction and sentence.

The defendant was jointly indicted with one Cecil King for theft. Cecil King moved for a severance on the ground that he and the defendant should be tried separately because their defenses were antagonistic. The severance was granted and the case against each of the co-defendants was fixed for trial for October 16, 1951. On that date the defendants announced their readiness for trial and Cecil King was placed on trial.

On the afternoon of that date, after the trial of Cecil King had been completed and the jury had retired to deliberate on the verdict, the defendant was called for trial. His counsel objected to going to trial on the ground that the accused could not secure a fair and impartial trial by a jury impaneled from the same venire out of which the jury then deliberating on the charge against his codefendant had been selected because the members to be selected had been in the courtroom and had heard some, if not all, of the evidence produced on the trial of King, which would be used on the trial of the defendant. Exceptions were taken to the qualifications of individual jurors who testified on their voir dire examination that they had heard a portion of the evidence and had formed an opinion, which was not fixed and would yield to the evidence adduced on the trial of the defendant. Exception was taken to the return of the verdict against King in the presence of the jury impaneled to try the defendant. After the conviction of the defendant, a new trial was refused and a motion in arrest of judgment was denied.

Counsel for the defendant contends that the accused was not afforded a trial by an impartial jury as guaranteed under Section 9 of Article 1 of the Constitution.

It appears from the per curiam of the trial judge that co-defendants were each claiming to be innocent by shifting the responsibility to the other and that the reading of the verdict in the King case in

the presence of the jury would not create an inference of guilt as to the defendant but might tend to have some significance in the opposite direction.

The errors complained of are similar to those presented in the case of State v. Frazier, 209 La. 374, 24 So.2d 620. Frazier was tried for two offenses growing out of the same transaction. Upon completion of the trial of the first offense and while the jury was deliberating on its verdict, the defendant was called to be tried under the second offense. His counsel objected to going to trial on the ground that the accused could not secure a fair and impartial trial from a jury impaneled from the same venire out of which the jury then deliberating on the first offense had been selected, especially since the members of the venire to be selected had remained in the courtroom and heard the evidence. We pointed out in the Frazier case that fairness and impartiality are pre-requisite qualifications in all jurors who are called upon to try an accused in a criminal case but that a juror is not disqualified because of an opinion as to the guilt or innocence of an accused, which is not fixed, or has not been deliberately formed, or that would yield to evidence, or that could be changed. Article 351, Code of Criminal Procedure,

LSA–R.S. 15:351. We further pointed out therein that it is only where the juror's opinion is so fixed that it would influence his verdict that he may be disqualified because of his opinion.

The defendant relies on the holding in the case of State v. Joiner, 163 La. 609, 112 So. 503. The facts in the Joiner case are entirely different than those here presented, but, be that as it may, the provisions of Article 351 of the Code of Criminal Procedure and the holding in the more recent case of State v. Frazier, supra, must control. We were afforded no authority to support the defendant's contention that it was reversible error to permit the jury in the King case to return its verdict in open court in the presence of the jury selected to try the defendant. We know of no authority to this effect and cannot see in this particular case, under the particular circumstances where each of the co-defendants were endeavoring to place the blame on the other, how the defendant could suffer any injury for the reason that the conviction of King would, if anything, have a tendency to aid the defendant instead of injuring him.

For the reasons assigned, the conviction and sentence are affirmed.